# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herman Lee Green, Sr., | No. CV-18-03345-PHX-SRB |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Petitioner, Herman Lee Green, Sr. filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody on October 11, 2018 raising several grounds for relief. Respondents filed a Limited Answer on February 11, 2019 arguing that the Habeas Petition was time-barred and procedurally barred without excuse. Petitioner did not file a Reply. The Magistrate Judge issued her Report and Recommendation on November 21, 2019 recommending that the Petition be dismissed with prejudice as untimely. Petitioner filed a timely written Objection to which Respondents filed a Response.

Petitioner agrees with the timeline of filings detailed by the Magistrate Judge in her Report and Recommendation. He argues that AEDPA's one-year statute of limitations was still tolled when he filed his Habeas Petition because the Arizona Supreme Court did not deny his Petition for Review of the Arizona Court of Appeals' finding that his Petition for Review of the denial of his Petition for Post-Conviction Relief was untimely until November 6, 2017 making this October 11,

2018 Habeas Petition timely filed. Petitioner is incorrect.

Because Petitioner filed an untimely Petition for Review in the Arizona Court of Appeals, the previously tolled one-year limitations period began to run on November 1, 2017 as the Magistrate Judge found. As Respondents explain in their Response to Petitioner's Objection, only a timely filed Petition for Review in the Arizona Court of Appeals would have continued the statutory tolling and the Arizona Court of Appeals found the Petition for Review untimely. The October 11, 2018 Petition was filed almost a year after the statute of limitations had expired.

In his Objections, Petitioner also makes his first claim for equitable tolling. But he asks for equitable tolling of the time to file a state court Petition for Review. The Arizona Court of Appeals found the Petition for Review untimely but invited the Petitioner to seek an extension of the time to file it from the Arizona Superior Court. Petitioner did not accept this invitation. The Arizona Superior Court was the forum for Petitioner to attempt to show that his time to petition for review should be extended because of alleged conditions in the Department of Corrections that prevented a timely filing. As Respondents explain, equitable tolling of the one-year limitations period only applies to federal, not state, timing rules.

And to the extent that Petitioner is attempting to show the actual innocence gateway is open to him, his assertion of newly discovered evidence raised for the first time in his Objection is insufficient to meet the high bar of actual innocence.

IT IS ORDERED overruling Petitioner's Objections to the Report and Recommendation.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

IT IS FURTHER ORDERED dismissing with prejudice Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody.

IT IS FURTHER ORDERED denying a Certificate of Appealability because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists

would not find the procedural ruling debatable

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 16th day of December, 2019.

_____
Susan R. Bolton
United States District Judge